# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

✎ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2021RCSC01241**
KELLIE K. MCINTYRE
OCT 01, 2021 04:32 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER 2021RCSC01241

Turner, Keith

**PLAINTIFF**

VS.

Cheddar's Casual Cafe Inc, DBA Cheddar's
Scratch Kitchen
Doe, John

**DEFENDANTS**

**SUMMONS**

TO: CHEDDAR'S CASUAL CAFE INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Stacy Y Norris**
> **FRAILS & WILSON LLC**
> **211 Pleasant Home Road**
> **Augusta, Georgia 30907**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of October, 2021.**

Clerk of State Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

2

Page 1 of 1

**EXHIBIT A**

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2021RCSC01241**

KELLIE K. MCINTYRE
OCT 01, 2021 04:32 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

KEITH TURNER,      )
  **Plaintiff,**     )
v.s.         )
          )
CHEDDAR'S CASUAL CAFÉ, INC )
d/b/a, CHEDDAR'S SCRATCH  )
KITCHEN And JOHN DOE   )
  **Defendant.**     )
          )
_____ )

**CIVIL ACTION FILE NO.:**

_____

**JURY TRIAL DEMANDED**

## COMPLAINT

  **COMES NOW** KEITH TURNER, Plaintiff in the above action, and brings this Complaint against the above-named Defendants, showing the Court the following:

## I. PROCEDURAL FACTS

1. Plaintiff is a resident of Queens Village, New York, and submits himself to the jurisdiction of this Court.

2. Defendant Cheddar's Casual Café, Inc., d/b/a Cheddar's Scratch Kitchen, (hereafter referred to as "Cheddar's" or "Defendant Cheddar's") on information and belief is a foreign corporation organized and existing under the laws of the State of Florida and licensed to do business in the State of Georgia. Defendant Cheddar's may be served with Summons and Complaint by and through its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, GA 30006.

3. Defendant John Doe is an unknown employee of Cheddars' Scratch Kitchen who preformed work at Defendant Cheddar's restaurant located at 3609 Walton Way Ext, Augusta, Georgia 30909. On information and belief, Defendant John Doe is a resident of the State of Georgia.

3

    – 1

## EXHIBIT A

4. Pursuant to O.C.G.A. § 14-2-510(b)(3), venue is proper in this Court, as the torts at issue in this case occurred in Richmond County, Georgia, at the restaurant located at 3609 Walton Way Extension, Augusta, GA 30909 (which is owned and operated by Defendant Cheddar's).

## II.   FACTS

5. Plaintiff incorporates as if realleged herein Paragraphs 1 through 4 of his Complaint.

6. At the time of the incident described herein, Plaintiff entered the restaurant as a dine-in patron.

7. After some time, Plaintiff proceeded to the restroom where he stepped in a slippery substance (that appeared to be a mixture of grease and water) and fell flat on his back; the substance was located in the common area between the kitchen and bathroom.

8. This common area contained a hazardous condition due to the presence of a slippery substance left on the floor of Defendant Cheddar's restaurant by Defendant John Doe. Neither Defendant John Doe nor any other employee of Defendant Cheddar's had placed any warning devices, signs or other notices of any kind to warn invitees of potential hazards on the floor in the area where the slippery substance was present.

9. Employees of Defendant Cheddar's, arriving at the scene immediately thereafter, asked Plaintiff if he was alright and helped him off the floor; Plaintiff, who was in shock, went to the emergency room the next day.

4

– 2

**EXHIBIT A**

10. As a further result of the fall, Plaintiff suffered mental and emotional anguish, including but not limited to trauma to his right and left wrists, knee, and back that requires surgery.

11. Plaintiff has incurred extensive and ongoing medical expenses that arose out of the necessary care and treatment of injuries he sustained in the aforementioned fall:

| SERVICE PROVIDER: | SERVICE DATE(S): | EXPENSE: |
|---|---|---|
| Doctors Hospital | 11/27/2019 | $ 3,077.90 |
| ACS Primary Care | 11/27/2019 | $ 947.00 |
| Brown & Radiology | 11/28/2019 | $ 55.00 |
| BL Pain Management | 8/14-11/4/2020 | $ 1,200.00 |
| City MD Bayside Urgent Care | 12/28/19-6/26-2020 | $ 600.00 |
| NY Orthopedics SpineCare NYC | 1/7-10/7/2020 | $ 5,550.00 |
| Lennox Hill Radiology | 1/17-12/18/2020 | $ 2,393.00 |
| Heffron Chiropractic | | $ TBD |
| NY Orthopedics SpineCare NYC | | $ TBD |
| TOTAL MEDICAL EXPENSES: | | $13,822.90 |

12. Plaintiff's medical expenses are reasonable and are the usual and customary charges made for such services in the Augusta, Georgia CSRA area.

### III.    ENUMERATION OF CLAIMS

#### A. NEGLIGENCE & PREMISES LIABILITY

13. Plaintiff incorporates as if realleged herein Paragraphs 1 through 12 of his Complaint.

14. Plaintiff was an invitee on the subject premises at the time of his fall, and at all times relevant to this incident, he was exercising due care for his own safety, and the unsafe and dangerous condition of the floor was unknown to him.

15. Defendant Cheddar's owed a nondelegable duty of reasonable care to keep the premises safe for invitees such as plaintiff.

5

**EXHIBIT A**

16. As a property owner, operator, supervisor and/or manager, Defendant Cheddar's had a duty to exercise ordinary care to ensure that its premises were safe and, to that end, had a duty to inspect its premises to ensure that no actual or potential hazards were present.

17. Defendant Cheddar's and Defendant John Doe were negligent in failing to properly inspect the area where Plaintiff's fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

18. Moreover, Defendant Cheddar's and Defendant John Doe had a duty to ensure that they promulgated and enforced policies and procedures that adequately and reasonably ensured that customers on the subject premises were adequately and reasonably protected from on-site hazards.

19. By failing to inspect for, warn of, discover and remedy the hazards giving rise to Plaintiff's injuries, and by failing to properly staff the store, properly train or supervise the theater's employees, or to promulgate and enforce policies and procedures that adequately prevented or lessened the likelihood of customers like Plaintiff being injured in the manner in which he was injured, Defendant Cheddar's failed to exercise the reasonable care required by Sections 51-3-1 and 51-1-2 of the Georgia Code.

20. As Defendant Cheddar's negligence was the actual and proximate cause of Plaintiff's injuries, Plaintiff has a right of action—and Defendant Cheddar's and Defendant John Doe are culpable for any injuries inflicted upon her person— pursuant to Section 51-1-13.

6

– 4

**EXHIBIT A**

21. For all the foregoing reasons, Defendant Cheddar's and Defendant John Doe committed actionable negligence, gross negligence, and willful misconduct, and Plaintiff has a right to recover for all injuries and expenses incurred as a result of the same.

### B. NEGLIFENCE OF DEFENDANT JOHN DOE

22. Plaintiff incorporates as if realleged herein Paragraphs 1 through 21 of his Complaint.

23. Defendant John Doe was negligent in failing to keep the floor of Defendant Cheddar's restaurant safe for invitees.

24. Defendant John Doe failed to exercise ordinary care and diligence to remove a hazardous condition from the floor of Defendant Cheddar's restaurant, of which Defendant John Doe, as an employee of Defendant Cheddar's, had constructive knowledge superior to that of Plaintiff.

25. Defendant John Doe failed to exercise ordinary care and diligence to remove a hazardous condition from the floor of Defendant Cheddar's premises, of which Defendant doe, as an employee of Defendant Cheddar's, had actual knowledge superior to that of Plaintiff.

26. Plaintiff has sustained injury and suffered damages as a result of Defendant John Doe's negligence.

### C. NEGLIFENCE OF DEFENDANT CHEDDAR'S UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR

27. Plaintiff incorporates as if realleged herein Paragraphs 1 through 26 of his Complaint.

**EXHIBIT A**

28. At all times relevant to this Action, it was well established that a principal or employer can be held vicariously liable for the actions of its agents or employees under the theory of *respondeat superior* if the action giving rise to the plaintiff's injuries occurred in the course of the employee's or agent's employment.

29. At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintain the area where plaintiff fell were employed by Defendants and were acting within the scope of their employment.

30. Defendants are responsible for the conduct of these individuals under the doctrines of *respondeat superior* and/or vicarious liability/apparent agency, and Plaintiff has a right to seek recovery against Defendants due to the acts and omissions of the individuals acting at their direction and under their supervisionDefendant Cheddar's is liable to Plaintiff for all damages as plead, under the doctrine of respondeat superior.

31. Defendant John Doe was an actual agent of Defendant Cheddar's at the time he committed the torts outlined herein.

32. Defendant Cheddar's, by and through its management and employees, failed to exercise ordinary care and diligence to remove a hazardous condition from the floor of its premises of which Defendant Cheddar's, its management, and its employees had constructive knowledge.

33. The torts outline herein were committed by Defendant John Doe while acting within the scope of his authority and within the scope of Defendant Cheddar's business.

8

– 6

**EXHIBIT A**

34. Defendant John Doe had the actual and/or apparent authority to exercise ordinary care and diligence to keep the premises of Defendant Cheddar's restaurant safe for invitees such as Plaintiff.

35. Plaintiff's injuries were inflicted as a result of Defendant John Doe's actions within the scope of Defendant John Doe's actual and/or apparent authority, and within the scope of Defendant Cheddar's business.

### D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff incorporates as if realleged herein Paragraphs 1 through 35 of his Complaint.

37. At all times relevant to this Action, it was well-established that one commits the tortious act of negligent infliction of emotional distress when he or she engages in extreme and outrageous conduct that causes another person to suffer substantial emotional distress, even when the injury was not intended.

38. By failing to ensure that their premises were free of hazardous conditions and/or defects and by failing to warn of the same, despite knowing that there was an extreme likelihood of an injury occurring in the event that the premises were not properly and adequately inspected or in the event that adequate warnings were not given, Defendants engaged in extreme and outrageous conduct.

39. Defendants, as owners and operators of the store in which Plaintiff fell, possessed—or in the exercise of ordinary care, should have possessed—a degree of knowledge and expertise in the proper and safe maintenance of supermarket floors which exceeded that of ordinary shoppers such as Plaintiff.

– 7

**EXHIBIT A**

40. Defendants had actual or constructive knowledge of the dangerous condition giving rise to Plaintiff's injuries yet failed to remedy the condition and negligently and carelessly failed to warn Plaintiff of the condition.

41. As a result of Defendants' actions, Plaintiff suffered severe emotional distress in conjunction with his physical anguish.

42. For all the foregoing reasons, Defendants' actions constituted actionable negligent infliction of emotional distress.

### *E. NEGLIGENT TRAINING & SUPERVISION*

43. Plaintiff incorporates as if realleged herein Paragraphs 1 through 42 of his Complaint.

44. Defendant Cheddar's were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

45. Defendant Cheddar's were negligent in training and supervising its staff.

46. As a result of Defendant Cheddar's negligence in training and supervising its employees, Plaintiff was injured on the premises, and Plaintiff has a right of recovery as a result of this deficiency.

**WHEREFORE**, Plaintiff prays for the following relief:

a. That process and summons be issued and served upon the Defendants;

b. That judgment be entered in his favor against Defendants;

c. That Plaintiff have and recover from Defendants a sum certain for his past damages, the exact amount of which will be determined at trial;

– 8

### EXHIBIT A

d. That Plaintiff have and recover from Defendant a sum sufficient to compensate him for his future medical and other expenses, the exact amount of which will be determined at trial;

e. That Plaintiff have and recover from Defendant lost wages, the exact amount of which will be determined at trial;

f. That Plaintiff have and recover from Defendant a sum sufficient to compensate him for his past, present and future pain and suffering, general damages, and compensatory damages, the exact amount to be determined at trial;

g. That Plaintiff have and recover from Defendant her reasonable and necessary attorney's fees and expenses of litigation pursuant to O.C.G.A. §§9-15-14 and 33-4-6;

h. That punitive damages be imposed against the Defendants pursuant to O.C.G.A. § 51-12-5.1;

i. That Plaintiff have a trial by jury on all triable issues;

j. That all costs of this action be taxed against Defendant; and

k. That this Honorable Court award such other and further relief as it deems just and proper.

### RESPECTFULLY SUBMITTED

This 1st day of October, 2021.

/s/: Stacy Y. Norris

**FRAILS & WILSON, LLC**                            **STACY Y. NORRIS**
211 Pleasant Home Road, Suite A-1                   Georgia Bar No.: 485619
Augusta, GA 30907                                   **EDWIN A. WILSON**
**Office:       706.855.6715**                       Georgia Bar No.: 143087
**Facsimile:  706.855.7631**                         *Attorneys for Plaintiff*
**Email:      stacynorris@frailswilsonlaw.com**
**Email:      edwinwilson@frailswilsonlaw.com**

– 9

## EXHIBIT A